## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**SCOTT SNIDER,**

on behalf of himself and all others similarly
situated,

     Plaintiff,

 **v.**

**QUANTUM HEALTH, INC.,**

    Defendant.

**Case No. 2:20-cv-2296**

**Judge Graham**

**Magistrate Judge Vascura**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Step-One Notice
Pursuant to the Fair Labor Standards Act, requesting: 1) conditional certification of this case as a
collective action; 2) that the Court order Defendant to produce within fourteen (14) days a
computer-readable data file containing the names, job titles, dates of employment, last known
mailing addresses, last known personal email addresses, mobile telephone numbers, social security
numbers (for those notices returned undeliverable), and work locations for all collective members;
3) that the Court authorize issuance of Plaintiff's proposed notice to all Collective Action Members
by mail, email, and text message; 4) Court approval of the Proposed Notice form attached to the
Memorandum in Support of Step-One Notice as Exhibit E; and 5) an initial opt-in period at 63
days. (ECF No. 16.)  Defendant does not oppose conditional certification of the collective action,
but seeks the following regarding conditional class certification: 1) a limitation on Plaintiff's
proposed definition of "Collective Action Members" to non-supervisory Quantum employees with
specific Utilization Review Employee ("URE") job titles who worked at Ohio's Quantum location;
2) revisions to Plaintiff's proposed notice to make it fair, complete, and accurate; and 3) a

limitation that Plaintiff's proposed notice may only be sent to potential class members by mail and email delivery only. (ECF No. 25.)  For the reasons that follow, Plaintiff's motion is **GRANTED IN PART** subject to the conditions outlined in this Opinion and Order and **DENIED IN PART**.

## I.    BACKGROUND

Defendant is a consumer healthcare navigation company that administers health insurance programs for companies with self-funded employee benefit plans. (ECF No. 17 at 75.)  Defendant employs salaried workers to perform utilization review services for its consumers. (*Id.*)  These Utilization Review Employees ("UREs") determine whether to approve health insurance benefits submitted by consumers. (*Id.*)  Plaintiff alleges that while some UREs may be nurses by degree or registration, their duties do not entail providing traditional nursing or mental health care in a clinical setting, exercising clinical judgment, or providing direct care to individuals. (*Id.* at 76.) Plaintiff claims that instead, UREs apply and communicate Defendant's practices, procedures, guidelines, and criteria for the approval of claims in an office/call center environment. (*Id.*)

Plaintiff alleges that Defendant therefore misclassified its UREs as salaried employees, exempt from state and federal overtime laws, and failed to pay them for all hours worked in excess of a forty-hour workweek.

Named Plaintiff Scott Snider alleges he was employed by Defendant as a URE at its Ohio location from January 2017 until January 2019.  (Snider Decl. ¶¶ 3–4, Ex. B., ECF No. 17-2 at 108.)  Plaintiff further alleges that during his employment with Defendant, Defendant referred to his position in multiple ways, including as a "Rapid Response Nurse, Utilization Review Nurse, Pre-Certification Nurse, and Utilization Management Nurse." (*Id.* at ¶ 3.)  Plaintiff claims that he reviewed clinical information to determine whether it met established criteria for approving insurance benefit requests ("Utilization Review Work"). (*Id.* at ¶ 2.)  Plaintiff further submits that

he and other UREs regularly worked over forty hours per workweek but were not compensated for their overtime hours, because UREs were misclassified as salaried, exempt employees. (*Id.* at ¶¶ 8–9.)

## II.    STANDARD OF REVIEW

Plaintiff moves for conditional certification pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

At the first stage of conditional certification, which generally takes place at the pre-discovery phase of the case, courts apply a "fairly lenient standard" in determining whether the employees to be notified are similarly situated to plaintiff.  *Comer,* 454 F.3d at 547.  Plaintiffs need only "make a modest factual showing" that they are similarly situated to the other employees they seek to notify.  *Id.* at 546-47 (internal quotation marks and citations omitted).  "[P]laintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enter., Inc.,* 575 F.3d 567, 585 (6th Cir. 2009); s*ee also Lewis v. Huntington Nat'l Bank,* 789 F.Supp.2d 863, 868 (S.D. Ohio 2011) ("[S]imilarly situated class members under FLSA are those whose causes of action accrued in approximately the same manner as those of the named plaintiffs.").  During this first stage, "a district court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Waggoner v. U.S. Bancorp,* 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015) (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)).

"If the Court determines that the potential plaintiffs are similarly situated, the court must then determine that the proposed notice is timely, accurate, and informative as to properly notify the proposed class." *Brittmon v. Upreach, LLC*, 285 F. Supp. 3d 1033, 1043 (S.D. Ohio 2018).

The second stage of conditional certification occurs "after all of the opt-in forms have been received and discovery has concluded." *Comer,* 454 F.3d at 547.  At that point, a defendant may move the court to decertify a class, "and the Court will reconsider, with greater scrutiny, whether the putative class members are actually similarly situated." *Hall,* 299 F. Supp. 3d at 895.

## III.    DISCUSSION

Plaintiff's motion requests the Court conditionally certify the following class:

> All individuals employed by Defendant as non-supervisory UREs in the last three years who were paid on a salary basis, classified as exempt from overtime compensation, and whose job duties included Utilization Review Work ("Collective Action Members"). This includes, without limitation, all salaried workers employed by Defendant in URE job titles in the last three years.[1]

(ECF No. 16 at 70.)

### A.  Plaintiff's Proposed Putative Class

Defendant did not oppose conditional certification of the class Plaintiff described above in his motion but asked this Court to limit the class to non-supervisory UREs who worked at its Ohio location.  (ECF No. 25 at 181.)  Defendant pointed out that the two declarations Plaintiff submitted in support of his motion only detailed personal knowledge and experience concerning Defendant's Ohio location and therefore failed to justify conditional certification of a nationwide class. (*Id.*)

In his reply brief, Plaintiff agreed to modify the proposed class to individuals who worked as UREs in Ohio. (ECF No. 26 at 193.)  But rather than just narrowing the geographic scope of his proposed definition, Plaintiff took an additional step and further modified his proposed class definition as follows:

> All individuals employed by Defendant in the state of Ohio within the past three years in non-management job titles to [sic] perform Utilization Review Work (collectively, "Utilization Review Employees") who were paid on a salary basis and classified as exempt from overtime. This definition specifically includes all (1) salaried "Utilization Review employees" that Defendant admits to "classify[ing] as

---

[1] Plaintiff clarifies that URE job titles include the following positions: Utilization Review Nurse, Utilization Management Nurse, Rapid Response Nurse, and Pre-Certification Nurse. (ECF No. 16 at 70, n.1.)

exempt under state and federal overtime laws" in its Original Answer; and/or (2) salaried workers employed by Quantum under the job titles of Utilization Review Nurse, Utilization Management Nurse, Rapid Response Nurse, and/or Pre-Certification Nurse.

(*Id.*)

After considering the arguments from both sides and the parties' agreed-to language, the Court will modify the class definition to be limited to individuals employed by Defendant in Ohio, within the past three years, as non-supervisory, salaried UREs, classified as exempt from overtime compensation, who performed utilization review work under the following job titles: Utilization Review Nurse, Utilization Management Nurse, Pre-Certification Nurse, and Rapid Response Nurse, and other similar job titles whose job duties include performing utilization review work.

### B.  Plaintiff's Notice and Consent Form

Courts have the authority to supervise notice to putative class members. *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 870 (S.D. Ohio 2011). "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative." *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 172 (1989).

Plaintiff also moves the Court to approve his proposed notice and consent form.  Defendant objects to Plaintiff's proposed notice and consent form on four bases.  In his reply brief, Plaintiff submits a revised notice, which he now asks the Court to rule on in conjunction with his motion. Each of Defendant's objections and Plaintiff's reply to each will be addressed in turn below.

### 1.  Whether Plaintiff's Proposed Notice is Overly Broad, Inconsistent, and Misleading

### i.  Section 2 of Plaintiff's Proposed Notice

Defendant argues that Plaintiff's proposed notice is overly broad, as it is inconsistent with the language set forth in Plaintiff's proposed class definition.  Specifically, Defendant takes issue with Section 2 of Plaintiff's proposed notice, entitled "What is the lawsuit about?"  There,

Plaintiff's proposed notice states, "The lawsuit is about whether 'Utilization Review Employees' who worked for Quantum Health, Inc. ('Quantum Health' or 'Company') were paid all earned overtime wages." (ECF No. 17-5 at 122.)

Defendant argues that this language is misleading and likely to cause confusion and proposes the following language be substituted instead, "The lawsuit is about whether 'Utilization Review Employees' who worked for Quantum Health, Inc. ('Quantum Health' or 'Company') worked more than 40 hours in a single workweek and were properly compensated for that time." (ECF No. 25 at 182.)

Plaintiff's newly proposed notice now states: "The lawsuit is about whether salaried 'Utilization Review Employees' who worked for Quantum Health, Inc. ('Quantum Health' or 'Company') were paid all earned overtime wages." (ECF No. 26-2 at 208.)  Plaintiff's only edit is the addition of the word "salaried" in front of "Utilization Review Employees."

After considering the proposed language from both parties, the Court finds that the Defendant's proposed language provides the clearest explanation of what this lawsuit is about and orders the parties to incorporate Defendant's proposed language into the first paragraph of Section 2 of the proposed notice.  Defendant's first objection to Section 2 of Plaintiff's proposed notice is therefore sustained.

### ii.  Section 3 of Plaintiff's Proposed Notice

Defendant further argues that Plaintiff's proposed class definition includes "[a]ll individuals employed by Defendant as non-supervisory UREs in the last three years," but that Section 3 of Plaintiff's proposed notice, entitled "Why did I get this Notice?" fails to include any mention of "non-supervisory" or a similar limitation.  Defendant recommends Section 3 of Plaintiff's proposed notice at least state the following: "You got this Notice because the Company

identified you as an exempt non-supervisory 'Utilization Review Employee' who worked for the Company . . ." (ECF No. 25 at 182.)

Plaintiff counters with the following language:

You got this Notice because the Company identified you as a salaried "Utilization Review Employee" that worked for the Company in Ohio during the last three years—the time period covered by this lawsuit. Salaried "Utilization Review Employees" specifically include individuals employed in non-supervisory positions who (1) were paid on a salary basis; and (2) performed utilization review work. The salaried "Utilization Review Employees" specifically include without limitation salaried workers employed by Defendant in the following job titles: Utilization Review Nurse, Utilization Management Nurse, Pre-Certification Nurse, and Rapid Response Nurse, and similar job titles whose job duties include performing utilization review work.

(ECF No. 26-1 at 204.)

Here, the Court finds that Plaintiff's newly proposed Section 3 language is consistent with the proposed class definition and overrules Defendant's objection to Section 3.

### 2. Whether Plaintiff's Three Methods of Notification are Excessive

Plaintiff originally moved this Court to authorize issuance of Plaintiff's proposed notice to all Collective Action Members by mail, email, and text message. Defendant argued that two methods of service were more appropriate and proposed notification by mail and email only. Plaintiff has since withdrawn his request for notification via text message and has agreed to send notification of this suit by mail and email only. Defendant's objection is therefore moot.

Plaintiff has also asked this Court to order the production of social security numbers for those putative plaintiffs whose notices are returned undeliverable. The Court finds that this request unnecessarily violates putative plaintiffs' privacy. "[T]his is an intrusion on important privacy interests of individuals that are, at this point, just members of the public and not connected to this action." *Jackson v. Papa John's USA, Inc.*, No. 1:08-CV-2791, 2009 U.S. Dist. LEXIS 31887, at

7

*12–13 (N.D. Ohio Apr. 15, 2009) (citing 29 U.S.C. § 216(b); *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 177–78 (1989) (Scalia, J., dissenting)). The Court therefore declines to order the production of employee social security numbers.

### 3. Whether Plaintiff's Notice Fails to Adequately Inform Potential Opt-in Plaintiffs About Their Rights with Respect to Counsel

Defendant's third objection discusses Plaintiff's failure to inform potential plaintiffs of their rights to retain counsel of their own choosing. Plaintiff counters that informing potential plaintiffs of their right to retain counsel is unnecessary, as their proposed notice already informs potential plaintiffs that they may file their own lawsuit and any additional language only serves to confuse the issue.

The Court disagrees. Potential opt-in plaintiffs have the right to select counsel of their own choosing, and this Court has ordered the inclusion of language reflecting this right in several other cases. *See, e.g., Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 898 (S.D. Ohio 2018) (collecting cases). "Informing potential plaintiffs of their right to choose their own counsel is an appropriate element in a notice." *Heaps v. Safelite Sols., LLC,* 2:10-cv-729, 2011 WL 1325207, at *9 (S.D. Ohio Apr. 5, 2011). Simply informing potential plaintiffs that they may file their own lawsuit is insufficient, as counsel of their choosing may also join this action.

Defendant proposes the following revision to Section 9 of Plaintiff's proposed notice entitled "Who will be my lawyers if I join the lawsuit, and how will the lawyers be paid?":

"If you join the lawsuit, you may be represented by Travis Hedgpeth, and members of his firm, The Hedgpeth Law Firm, PC; and Jack Siegel and members of his firm. You also have the right to select counsel of your own choosing." (ECF No. 25 at 183.)

Defendant further proposes that Section 11 of the proposed notice entitled "How do I get more information about the lawsuit?" be revised to include language that a potential class member

is also aware that he or she has a right to contact his or her attorney of choice in order to get more information and is not limited to contacting Named Plaintiff's attorneys. (*Id.*)

The Court sustains the entirety of Defendant's third objection and approves Defendant's proposed statement reflecting that opt-in plaintiffs are entitled to be represented by Named Plaintiff's counsel or by counsel of their own choosing, and orders the proposed statement be included in Section 9 of Plaintiff's notice to putative plaintiffs.  The Court also approves the proposed revision to Section 11 and orders that the proposed notice reflect this option as well.

### 4.  Whether Plaintiff's Notice Fails to Inform Plaintiffs of Their Potential Liability

Lastly, Defendant contends that the proposed notice fails to explain that opt-in plaintiffs may be responsible for Defendant's costs if their lawsuit is unsuccessful.  Specifically, Defendant proposes the following language be added to Section 6, "What happens if I join the lawsuit?": "If the Quantum Health Utilization Review Employees lose the lawsuit, you will not receive any money, and court costs and expenses may possibly be assessed against you." (ECF No. 25 at 184.)

The Court finds that the inclusion of such language is unnecessary and may improperly dissuade putative class members from opting-in to the lawsuit. "Language informing potential putative class members of fees and costs could unfairly dissuade participation."  *Slaughter v. RMLS Hop Ohio, L.L.C.*, No. 2:19-cv-3812, 2020 U.S. Dist. LEXIS 69772, at *28 (S.D. Ohio Apr. 21, 2020); *see also Hall,* 299 F. Supp. at 898 (finding that the inclusion of [language informing potential class of potential liability for attorneys' fees and costs] is inappropriate and could unfairly dissuade potential class members from participating in the action).

Moreover, Plaintiff's attorneys have agreed to assume putative plaintiffs' costs, should their suit be unsuccessful, and have added the following language to Plaintiff's proposed notice reflecting that decision: "In the event that the lawsuit is unsuccessful, costs may be assessed, but

your lawyers, identified in Paragraph 9, have agreed to pay any such costs that may be assessed in this case." (ECF No. 26-1 at 205.) But the Court will not approve Plaintiff's proposed language either, as it again assumes that putative plaintiffs will choose Named Plaintiff's counsel as their attorneys. While this may be the ultimate outcome, this statement overlooks putative plaintiffs' right to counsel of their own choosing. The final sentence of Section 6 should therefore be amended to read, "In the event that the lawsuit is unsuccessful, costs may be assessed, but Plaintiff Scott Snider's lawyers, identified in Paragraph 9, have agreed to pay any such costs that may be assessed in this case."

Defendant's fourth objection is overruled, but the Court does not adopt Plaintiff's proposed modification and orders that the parties include the above Court-specified language instead.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's motion (ECF No. 16) is **GRANTED IN PART** and **DENIED IN PART**.

The Court **GRANTS IN PART** Plaintiff's motion as it relates to conditional certification, and this action is conditionally certified as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of Named Plaintiff Scott Snider. The Court conditionally certifies a class under the FLSA consisting of:

> All individuals employed by Defendant in Ohio as a non-supervisory, salaried "Utilization Review Employee" during the past three years, who were classified as exempt from overtime compensation. "Utilization Review Employees" include, without limitation, individuals who performed utilization review work under the following job titles: Utilization Review Nurse, Utilization Management Nurse, Pre-Certification Nurse, and Rapid Response Nurse, and other similar job titles whose job duties include performing utilization review work.

Within fourteen (14) days of this Opinion and Order, Defendant shall produce a computer-readable data file containing the names, job titles, dates of employment, last known mailing

10

addresses, last known personal email addresses, telephone numbers, and work locations for all collective members who fit this definition.

Defendant has not stated an objection to Plaintiff's proposed 63-day opt-in period.

The Court **OVERRULES** Defendant's objections (ECF No. 13) to Plaintiff's proposed notice and consent **IN PART** and **SUSTAINS** Defendant's objections **IN PART** and therefore **DENIES** Plaintiff's motion **IN PART** concerning the proposed Notice and Consent to join forms attached to the Memorandum in Support of Step-One Notice as Exhibit E (ECF No. 17-5) and Exhibit A to Plaintiff's reply (ECF No. 26-1).  The parties must meet and confer to produce a Joint Proposed Notice and Consent that comports with the conditions outlined in this Opinion and Order on or before **FEBRUARY 15, 2021.**


   **IT IS SO ORDERED.**

/s/ James L. Graham   
JAMES L. GRAHAM
United States District Judge

DATE: February 1, 2021